| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>WILLIAM REGIS,<br><br>                      Plaintiff,<br><br>         - against -<br><br>BANQUE DE LA REPUBLIQUE D'HAITI (BRH); SOCIETE CARAIBEENNE DE BANK (SOCABANK); BANQUE NATIONALE DE CREDIT (BNC),<br><br>                      Defendants.<br>------------------------------------------------------------ X | **NOT FOR PUBLICATION**<br><br>**MEMORANDUM & ORDER**<br><br>10-cv-06029-ERK-CLP |

KORMAN, J.:

Because the history and facts of this case are set-out in the complaint and in the papers plaintiff filed in support of his motion for the entry of a default judgment, I recount them only to the extent necessary to explain my decision. Briefly, the plaintiff alleges that he entered into an agreement with the Defendant Societe Caraibeenne De Bank ("Socabank") for the sale of all the shares of Lakay Selected Services, Inc. to Socabank. Plaintiff alleges that the Haitian government declared Socabank insolvent, Pln.'s Aff. ¶ 5, Nov. 1, 2011, and an annexed exhibit to his affidavit reports that the defendant Banque De La Republique D'haiti ("BRH") took majority control of Socabank in May 2006 and invested $50 million "to protect depositors and avoid systematic risk." *Id.* Ex. C, International Monetary Fund Report No. 08/112, Haiti: Financial System Stability Assessment (Feb. 5, 2008), at 16. In March 2007, the defendant Banque Nationale De Credit ("BNC") acquired Socabank's assets and liabilities. *Id.*

I deny the plaintiff's motion for default judgment for the following reasons. Plaintiff acknowledges that BRH, "as a state institution[,] in most cases would not be subject to the jurisdiction of this Court under the Foreign Sovereign Immunity Act [("FSIA")]." *Id.* ¶ 9; *see Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Nevertheless, plaintiff argues that BRH is

1

subject to the commercial activity exception to FSIA immunity. Pln.'s Aff. ¶ 10, Nov. 1, 2011 (citing FSIA § 1605(a)(2)). Section 1605, however, is inapplicable here because the exceptions it enumerates apply to a case "in which the action is based upon a commercial activity carried on in the United States by the foreign state[,] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere[,] or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). The allegations in the complaint and the affidavits fail to satisfy any of these three exceptions. Nor does it appear that service of process was made in a manner described by 28 U.S.C. § 1608. Under these circumstances, the plaintiff is not entitled to a default judgment. *See also* 28 U.S.C. § 1608(e) (providing that a default judgment may not be entered "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court").

While BNC does not appear to be an instrumentality of Haiti, the plaintiff has failed to come forward with a sufficient legal basis to conclude that BNC's acquisition of Socabank's assets and liabilities in Haiti provides a basis for the exercise of personal jurisdiction over it in New York. Moreover, since Socabank no longer appears to exist, the entry of default judgment would seem neither appropriate nor worth anything. While I decline to enter the default judgment, the denial of the plaintiff's application is without prejudice to a renewal once the defects I have highlighted here are addressed. Any such application should be filed within thirty (30) days of the date of this order. Otherwise, the complaint will be dismissed.

**SO ORDERED.**

Brooklyn, New York
March 26, 2012

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge